UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

UNITED STATES OF AMERICA,           :      96 Cr. 34 (LMM)

          - v -                     :      MEMORANDUM AND ORDER

FREDDY DE LOS SANTOS,               :

               Defendant.           :

------------------------------------x

McKENNA, D.J.,

        Defendant's motion for reconsideration of the Court's Memorandum and Order of June 25, 2008 (familiarity with which is assumed) is denied.

        That the indictment charged a conspiracy to distribute both crack cocaine and cocaine does not render the indictment defective. In United States v. Murray, 618 F.2d 892 (2d Cir. 1980), the Second Circuit sustained a conviction on a "single count indictment [which charged] a conspiracy to import and to distribute cocaine and marijuana." 618 F.2d at 896. The court quoted Braverman v. United States, 317 U.S. 49, 54 (1942), where it was stated that "'[t]he allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for 'The conspiracy is the crime and that is one, however diverse its objects.''" Murray, 618 F.2d at 896 (quoting Braverman, 317 U.S. at 54 (quoting Frohwerk v. United States, 249 U.S. 204, 210 (1919))).

        It is the fact that defendant's sentence was based entirely on the amount of cocaine involved (not on the amount of

crack cocaine involved); for that reason, as explained in the June 25, 2008 Memorandum and Order, defendant is not eligible for a reduction of his sentence under U.S.S.G. §§ 1B1.10 and 2D1.1.

The Court has considered Kessack v. United States, No. C05-1828Z, 2008 WL 189679 (W. Wash. Jan. 18, 2008), a copy of which is annexed to defendant's Motion for Reconsideration.

The writ of audita querela is not available in the present case under the law of the Second Circuit. In United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995), the Second Circuit observed that "[a]udita querela is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." (Citation omitted.) In United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (per curiam), the Second Circuit concluded that "if the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues, then a writ of audita querela would lie." 510 F.3d at 104.[1] In the matter of resentencing in crack cocaine cases, however, there is no gap to fill. U.S.S.G. §§ 1B1.10 and 2D1.1 provide both relief (in appropriate cases) and an avenue to seek that relief,

---

[1] Richter also confirms that United States v. Booker, 543 U.S. 220 (2005), is not available to defendant because it does not apply retroactively to cases on collateral review. Richter, 510 F.3d at 104 (citation omitted).

2

which defendant has followed, although, for reasons explained in the June 25, 2008 Memorandum, he was not entitled to relief.

Reconsideration denied.

Dated: September 26, 2008

SO ORDERED.

_____
Lawrence M. McKenna
U.S.D.J.